## NORRIS v. ADAMS.

October 5, 1839.

*Case stated.*

On proceedings in partition in the Orphan's Court of an intestate's estate, a vacant lot was allotted to A., one of the heirs, and a lot with a brick house on it to B., another of the heirs. By the record of the proceedings, it appeared that the wall was built, *as usual*, one half of it on each lot: *Held*, that B. and those claiming under him, could not claim of A. and those holding under him, one-half of the cost of the wall, under the act of February 24, 1721, relating to party-walls.

IN this case, the following facts were agreed on by the parties, to be submitted to the court in the nature of a special verdict, and to have the same effect as if found by a jury, namely, " William Coats, of the County of Philadelphia, deceased, being seized in fee of a certain brick messuage and lots of ground situate on New Market Street, in the County of Philadelphia, devised the same in fee to his daughter and only issue, Sarah Coats, who afterwards intermarried with a certain Anthony Simmons now deceased. That the said Sarah died intestate, leaving children, namely, a son named Anthony Simmons, and a daughter named Sarah Simmons, now Sarah McKenzie, through whom this defendant claims. That in the month of September, A. D. 1830, the real estate of said Sarah was divided by pro-

[Norris v. Adams.]

ceeding in the Orphan's Court of the County of Philadelphia, and there was allotted to said Anthony—lot No. 3, 131 feet 9 inches of the western end of a lot situate on the west side of Delaware Front Street, in breadth, on Front Street, 20 feet 6 inches, and in depth, south side, 289 feet 2 inches, and on north side 290 feet, bounded east by Delaware Front Street, same being an open, unimproved lot of ground; and a lot adjoining the above on the south was divided into two parts, and the western end, with the brick house thereon, was allotted to Sarah McKenzie, and the eastern was allotted to George Glentworth, her son by a former husband. That end allotted to Sarah was described as follows: No. 2, all that lot on the east side of New Market Street, between Vine and Callowhill Streets, north and south, 20 feet, 6 inches, including a 5 feet 6 inch alley on the north side thereof, and in depth east and west, about 87 feet 6 inches, including 4 feet thrown out in the street, bounded northward by ground late of William Coats, divided. That the said lot so allotted to Anthony Simmons, was on the 15th October, 1830, conveyed in fee to the plaintiff, and that Richard McKenzie is the husband of said Sarah McKenzie; *that at the time of death of said Sarah Simmons*, daughter of said William Coats, who died seized in fee of both of said lots on New Market Street, the said brick messuage was erected, and had been erected many years before, and that the wall for the use of which defendant claims as aforesaid, was built at the same time, on the line now dividing the said allotment to Anthony, from that to Sarah, and equally on both sides thereof, *as party walls usually are;* and the said Richard McKenzie gave the said defendant, at or about the time it bears date, the paper purporting to be an order, which is hereunto annexed, that the said Isaac W. Norris, on or about the 6th of June, 1835, caused to be built on said lot of ground, adjoining the end of said brick messuage, a certain brick building, by which he used a portion of said wall, as a party-wall, of the value 72 dollars 26 cents, including charges; and the said parties agree that there was due, on the date hereof, 128 dollars 64 cents, with interest thereon from November 17, 1836, which sum hath been paid before the signing hereof, with costs of suit, by the defendant to the plaintiff, and if the said plaintiff be liable to pay the defendant for the portion of wall used as aforesaid, then the same will be in full of the balance claimed in said suit, if not, there remains due from de-

fendant to plaintiff, 78 dollars and 45 cents, with interest from November 17th, 1836.

If, upon the whole matter aforesaid, it shall seem to the court that the said plaintiff is liable to pay for the party-wall to the said defendant, claiming as assignee of said Richard, the present owner of the adjoining house, the wall of which has been used by the plaintiff, then the said suit to be marked as settled by the said claim for the party-wall, or ordered to be discontinued, as the court may direct. But if it shall seem to the court that the said plaintiff is not liable to pay as aforesaid, then judgment to be rendered for the plaintiff for 78 dollars and 45 cents, with interest from Nov. 17, 1836, and costs accrued since said date."

*Broom*, for plaintiff.
*Fallon*, for defendant.

PER CURIAM.—This case falls precisely within the principle of Oat *v.* Middleton.[a] Sarah Simmons died seized of both lots, on one of which, at the time of her death, the wall was erected. The parties taking under her the respective lots, do not stand in the positions of *party and party*, under the act of Feb. 24, 1721, as to compensation for the use of the wall.

Judgment accordingly.